IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO BOTELHO,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>    Defendants. | No. C 11-4311 LHK (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against San Leandro police officers, pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

In the complaint, Plaintiff alleges that Officers Brum and Ballard arrived at the scene of a car accident, in which Plaintiff and Officer Sellers were involved.  Plaintiff was arrested, but these officers denied Plaintiff any medical treatment, while Officer Sellers received medical treatment right away.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements:  the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a

1 prisoner's condition could result in further significant injury or the "unnecessary and wanton

2 infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately

3 indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that

4 risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

5 In order for deliberate indifference to be established, therefore, there must be a purposeful act or

6 failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060.

7 A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth

8 Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

9      Here, Plaintiff's allegations do not raise a right to relief above the speculative level. *See*

10 *Twombly*, 127 S. Ct. at 1964-65. Thus far, at most, Plaintiff's claim is one of negligence.

11 However, Plaintiff will be given an opportunity to amend his complaint if he can do so in good

12 faith. In his amended complaint, Plaintiff must "set forth specific facts" regarding the

13 seriousness of his injuries, and what Defendants did or did not do to violate his Eighth

14 Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628,

15 634 (9th Cir. 1988).

16 **CONCLUSION**

17     1.    The complaint is DISMISSED with leave to amend.

18     2.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

19 this order is filed to cure the deficiencies described above. The amended complaint must include

20 the caption and civil case number used in this order (C 11-4311 LHK (PR)) and the words

21 AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the

22 prior complaint by reference. **Failure to file an amended complaint within thirty days and in**

23 **accordance with this order will result in dismissal of this action.**

24     3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

25 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

26 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

27 Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

28 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1    4.    It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   9/29/11

_____
LUCY H. KOH
United States District Judge